UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :

GONZALO AGUILAR,                            :
                                            :
                          Petitioner,       :
                                            :        17cv7077
        -against-                           :
                                            :        <u>MEMORANDUM & ORDER</u>
MICHAEL CAPRA,                              :
                                            :
                          Respondent.       :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :

WILLIAM H. PAULEY III, Senior United States District Judge:

         <u>Pro se</u> Petitioner Gonzalo Aguilar brings this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In 2002, Aguilar was convicted of one count of Murder in the

Second Degree, Attempted Murder in the Second Degree, and Assault in the First Degree in New

York State Supreme Court, New York County.  He was sentenced to an aggregate term of 25

years to life.  Aguilar now alleges Due Process violations stemming from a 15-year delay in his

direct appeal.  This Court referred the matter to Magistrate Judge Gabriel W. Gorenstein for a

Report and Recommendation.  On May 21, 2019, Magistrate Judge Gorenstein issued his Report

and Recommendation (the "Report") recommending that this Court deny Aguilar's petition.

(ECF No. 38.)  Aguilar filed formal objections (the "Objections") on August 12, 2019.  (ECF

No. 43.)  Having reviewed the Report and the underlying record, this Court adopts the Report in

full and overrules the Objections.  Accordingly, the petition is dismissed.

         Aguilar also moves to amend his petition to assert new purported constitutional

violations resulting from the New York Department of Corrections and Community

Supervision's ("DOCCS") handling of COVID-19.  (ECF No. 54.)  Because Aguilar has failed to

exhaust his administrative and state court remedies, his proposed amendment is futile, and his request to amend his petition is denied.

DISCUSSION

I.   Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge.  28 U.S.C. § 636(b)(1).  This Court reviews de novo the portions of the Report to which objections are made and reviews the remainder for clear error on the face of the record.  28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016).  To trigger de novo review, objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (quotation mark omitted).  Conclusory or general objections are only entitled to clear error review.  Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

Ordinarily, a district court will not consider new evidence, case law, or arguments that could have been but were not presented to the magistrate judge.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate."); see also Lenjo v. Lui, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018) ("[Plaintiff]'s failure to assert this argument before the magistrate judge is sufficient to foreclose this Court's consideration.").

Moreover, it is "improper . . . to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."  Ortiz, 558 F. Supp. 2d at 451 (quotation marks omitted).  In such cases, the

objecting party is only entitled to clear error review.  See Taebel v. Sonberg, 2018 WL 2694429, at *1 (S.D.N.Y. June 5, 2018) (reviewing for clear error where objector "reiterate[d] the arguments he made to the magistrate judge"); Vaccariello v. XM Satellite Radio, Inc., 295 F.R.D. 62, 67 (S.D.N.Y. 2013) ("In the event a party's objections . . . reiterate original arguments, the district court also reviews the Report and Recommendation for clear error."); Jones v. Heath, 2012 WL 2673649, at *2 (S.D.N.Y. July 5, 2012) (conducting clear error review where objector "simply reiterates his original arguments, incorporating his memorandum only by a passing reference" (quotation marks omitted)).

Because Aguilar is proceeding pro se, his petition is held to "less stringent standards than [those] drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); accord Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).  And this Court must liberally construe his papers "to raise the strongest arguments that they suggest."  Green, 260 F.3d at 83 (quotation marks omitted).  However, pro se litigants are "not exempt from compliance with relevant rules of procedural and substantive law."  Jackson v. Graham, 2019 WL 3817196, at *1 (S.D.N.Y. Aug. 14, 2019) (quotation marks omitted).

II.    Aguilar's Objections

Aguilar raises a litany of objections to the Report.  He begins by objecting to several factual findings upon which Magistrate Judge Gorenstein relied.  Aguilar next objects to Magistrate Judge Gorenstein's conclusions.  This Court will address each in turn.

A.  Objections to Factual Findings

To start, each of Aguilar's Objections to factual findings in the Report are duplicative of the arguments he made to the magistrate judge.  As such, they only warrant clear error review.  See Taebel, 2018 WL 2694429, at *1.

First, Aguilar takes issue with the Report's finding that his family retained a private attorney for his resentencing. However—as the Report makes clear—the record supports this finding. (See Report, at 5 (citing Aff. of Claribel Aguilar in Supp. of Pet.'s Mem. of L., ECF No. 14, ¶ 4; Aff. of Lissette Aguilar in Supp. of Pet.'s Mem. of L., ECF No. 14, ¶ 2).)

Next, Aguilar challenges the Report's characterization of his N.Y. Crim. Proc. L. § 440 motion. However, Aguilar fails to articulate anything that is incorrect about the magistrate judge's findings.

Aguilar also takes issue with the Report's finding that he filed a request for an extension to file an additional notice of appeal on April 24, 2017. Again, the record clearly belies Aguilar's assertion. (See Report, at 9 (citing Answer and App'x Opposing Pet. For a Writ of Habeas Corpus, ECF No. 9 ("Answer"), Ex. Q).)

Finally, Aguilar challenges the Report's finding that he was advised of his right to appeal. The record does not support Aguilar's assertion. Indeed, Aguilar admits that he was advised of his appellate rights. (Pet.'s Mem. of L., ECF No. 14, at 17–18.) And, as the Report points out, Aguilar filed a timely notice of appeal. (See Answer, Ex. A.) Accordingly, this Court declines to accept any of Aguilar's Objections to factual findings underpinning the Report.

B. Objections to Conclusions

These Objections can be divided into two categories: (1) a rehash of arguments advanced before the magistrate judge, and (2) a novel argument that his resentencing restarted the clock on his appeal.

First, Aguilar posits that the Report erred in concluding that the second and third factors set forth in Barker v. Wingo, 407 U.S. 514, 530–33 (1972),[1] did not militate in his favor.

---

[1] The Barker factors are (1) "length of delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." Barker, 407 U.S. at 530–33.

But that merely "reiterate[s] the arguments [Aguilar] made to the magistrate judge," and only warrants clear error review.  Porter v. Martuscello, 2019 WL 2537415, at *2 (S.D.N.Y. June 20, 2019) (quotation marks omitted).  As the Report explains, the majority of the delay was attributable to Aguilar and his lethargy demonstrates that he failed to actively pursue his appeal.  (See Report, at 13–18.)  The record fully supports the Report's conclusion.

Second, Aguilar argues that the magistrate judge's conclusion that Aguilar did not meet the second and third Barker factors is flawed because the Report failed to consider the effect of his 2012 resentencing pursuant to People v. Sparber, 889 N.E.2d 459 (N.Y. 2008).  Specifically, Aguilar avers that this Court should excuse his lack of action prior to the resentencing because that resentencing re-imposed the judgment of conviction.  According to Aguilar, this means that the re-imposed judgment affords him a renewed opportunity to appeal anything in the record.

As an initial matter, since Aguilar raises this argument for the first time, this Court need not consider it.  Ortiz, 558 F. Supp. 2d at 451.  However, even if this Court did entertain Aguilar's new argument, it is meritless.  Resentencing under Sparber "merely corrects a clerical error and leaves the original sentence, along with the date of that sentence, undisturbed."  People v. Boyer, 999 N.E.2d 1176, 1181 (N.Y. 2013).  Importantly, "a resentencing to correct the flawed imposition of [post-release supervision] does not vacate the original sentence and replace it with an entirely new sentence."  Boyer, 999 N.E.2d at 1181.  As such, Aguilar's resentencing did not vest him with the ability to appeal his initial judgment of conviction.  Thus, the magistrate judge properly considered the entire record of Aguilar's inaction.

In sum, this Court has reviewed the magistrate judge's extremely thorough and well-reasoned Report and finds that it is not erroneous.  See 28 U.S.C. § 636(b)(1)(C). Accordingly, this Court adopts the Report in its entirety and overrules the Objections.

III.    Aguilar's Request to Amend

On June 30, 2020, Aguilar requested leave to file an amended petition.  (ECF No. 54.)  Capra opposes this request.  (ECF No. 56.)  Notably, Aguilar's proposed amendment is totally disconnected from his initial petition.  Aguilar now claims that DOCCS has failed to take appropriate steps to prevent the spread of COVID-19 giving rise to an Eighth Amendment violation.

"Leave to amend may properly be denied if the amendment would be futile." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 110 (2d Cir. 2015) (quotation marks omitted).  Amendment is "futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Aguilar's proposed amendment would not withstand a motion to dismiss because he failed to exhaust his claims.  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To exhaust, "[a] petitioner [must] fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (first and third alteration in original) (quotation marks omitted).  Aguilar does not allege that he sought any

relief for his claims in administrative proceedings or in state court.[2]  As such, Aguilar's request to amend his petition is denied.

<u>CONCLUSION</u>

For the foregoing reasons, this Court adopts the Report in full and overrules Aguilar's Objections.  Accordingly, the petition is dismissed.  This Court also denies Aguilar's application to amend his petition because such amendment would be futile.  Because Aguilar has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not be issued.  <u>See</u> 28 U.S.C. § 2253(c).  This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).  The Clerk of Court is directed to terminate all pending motions, mark this case as closed.  A copy of this Memorandum & Order is being mailed by Chambers staff to Aguilar.

Dated:  July 29, 2020
        New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[2]     Nor would Aguilar's petition fall within the two narrow exceptions to the exhaustion rule.  Those exceptions are: (1) if "there is an absence of State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i); or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii).  As several judges in this District have already ruled in dismissing COVID-19-based Section 2254 petitions, a state corrective process exists and "there is no basis to assume that [the petitioner]'s pursuit of these claims through the state courts would have been futile."  <u>Elleby v. Smith</u>, 2020 WL 2611921, at *4 (S.D.N.Y. May 22, 2020); <u>accord</u> <u>Slater v. Keyser</u>, 2020 WL 4016759, at *5 (S.D.N.Y. July 16, 2020); <u>Valenzuela v. Keyser</u>, 2020 WL 3839697, at *4 (S.D.N.Y. July 8, 2020).